1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN THE MATTER OF THE EXTRADITION
OF MOHAMMAD SAFDAR GOHIR

)
)
)
)
)
)
)

2:14-mj-00314-CWH

**ORDER**

This matter is before the Court on Mohammed Safdar Gohir's Emergency Motion for a Stay (#81), filed March 25, 2015.  The undersigned has reviewed the motion, the Government's response (#83), and the reply (#85).

The motion asks that the Court stay its Order for Certification of Extradition (#80), entered on March 19, 2015, pending resolution of the appeal of Gohir's previously filed habeas petition in *Gohir v. Hoye*, 2:14-cr-00760-GMN-VCF.  In that case, Chief Judge Navarro denied Gohir's petition for writ of habeas corpus.  *See* Mins. of Proceedings (#18).  The denial of the petition has been appealed to the Ninth Circuit Court of Appeals.  *See Gohir v. Hoye, et al*, Case No. 14-16307 (9th Cir.).  On September 17, 2014, Gohir filed a motion requesting that Chief Judge Navarro vacate her order denying the petition under Fed. R. Civ. P. 60(b).  Gohir represents that the deadline to file an opening brief in the Ninth Circuit has been extended three times, apparently awaiting a decision on the motion to vacate.

Since the filing of the habeas petition and appeal of its denial, the Court issued its Order for Certification of Extradition in this matter.  (#80).  This motion for stay was filed shortly after entry of the certification order.  Citing Fed. R. App. P. 23(a), Gohir requests that the order certifying extradition be stayed pending resolution of the appeal on the habeas petition.  The Government generally opposes the request on the ground that it is unnecessary since the filing of a habeas petition automatically stays "review and approval of the extradition" by the State Department.  The Court notes that Gohir has also filed a second habeas petition for review of the order for

1  certification of extradition.  *See Gohir v. Hoye, et al*, 2:15-cv-00638-GMN-NJK.  Petitioner

2  acknowledges that this is the second habeas petition and expressly notes that he does not seek to

3  challenge the subject matter jurisdiction determination in the order for certification of extradition.

4  This second petition is limited to the undersigned's finding of probable cause in the certification

5  order.

6       There are several instances wherein judges who have entered orders for certification of

7  extradition have stayed those orders pending habeas review.  *See Trinidad y Garcia v. Thomas*, 683

8  F.3d 952, 1004 (9th Cir. 2012) (noting that request to stay extradition pending resolution of a

9  habeas petition was granted by the district court); *see also United States v. Escalante*, 2001 WL

10  1313714 (9th Cir.) (same); *Gamez v. Stafford*, 2012 WL 4471579 (S.D. Cal.) (noting that

11  magistrate judge who entered order for certification of extradition stayed his certification order

12  pending resolution of petitioner's request for habeas relief); *Prasoprat v. Benov*, 294 F.Supp.2d

13  1165, 1168 (magistrate judge stayed his order of certification for extradition pending outcome of

14  habeas petition).

15       Here, the Government states that the filing of the habeas petition seeking review of the

16  order of certification for extradition "automatically stays review and approval of the extradition by

17  the United States Department of State, and the fugitive will not be extradited while the habeas

18  petition is pending."  Thus, the Government contends that the requested stay is improper, meritless,

19  and without effect until a decision is entered by the district court on the habeas petition.  Even

20  assuming an automatic stay, it is not without precedent that a petitioner would be extradited while a

21  habeas petition was pending.  *See Lindstrom v. Graber*, 203 F.3d 470 (7th Cir. 2000) (petitioner

22  extradited while habeas petition was pending and a court ordered stay in effect).  Certainly the

23  existence of an "automatic stay" does not prevent the court from ensuring that stay through court

24  order.  As several judges in prior cases have done in previous extradition cases, the undersigned

25  will enter a stay of the order for certification of extradition pending resolution of Gohir's habeas

26  petition by the district court.

27       Based on the foregoing and good cause appearing,

28       **IT IS HEREBY ORDERED** that Mohammed Safdar Gohir's Emergency Motion for a

2

Stay (#81) is **granted** to the extent the Order of Certification (#80) entered in this matter is **stayed** pending resolution by the district court of *Gohir v. Hoye et al*, 2:14-cv-00760-GMN-VCF and *Gohir v. Hoye, et al*, 2:15-cv-00638-GMN-NJK, at which time the stay will be automatically lifted.

DATED: April 9, 2015.

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3